IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| **TIFFANY NORRIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **AFNI, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the Plaintiff, TIFFANY NORRIS, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, AFNI, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.   This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.   Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.   TIFFANY NORRIS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Spokane Valley, County of Spokane, State of Washington.

5.   The debt that Plaintiff allegedly owed was for a student loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

6. Upon information and belief, the debt that Plaintiff allegedly owed was a federal student loan allegedly obtained by Plaintiff from Sallie Mae.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. AFNI, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Washington. Defendant is incorporated in the State of Illinois.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

14. In or around July 2011, Defendant initiated a telephone call to Plaintiff in an attempt to collect a debt she allegedly owed.

15. From in or around July 2011 through in or around January 2012, Defendant continued to initiate additional telephone calls to Plaintiff in a further attempt to collect a debt she allegedly owed.

16. During the course of the aforesaid time period, on multiple occasions, at the time Defendant initiated the aforesaid telephone calls to Plaintiff, Defendant's telephone number would appear on Plaintiff's caller identification.

17. During the course of the aforesaid time period, on multiple occasions, at the time Defendant initiated the aforesaid telephone calls to Plaintiff, the caller identification on Plaintiff's telephone stated that the telephone call had originated from an unknown number.

18. During the course of the aforesaid time period, on multiple occasions, Plaintiff would answer the telephone calls when her caller identification stated that the telephone call had originated from an unknown number wherein Plaintiff would immediately be connected to a duly authorized representative of Defendant.

19. Defendant's duly authorized representatives would then advise Plaintiff that they were calling on behalf of Defendant in an attempt to collect a debt Plaintiff allegedly owed.

20. In or around July 2011, during the course of a telephone conversation between Plaintiff and Defendant, a duly authorized representative of Defendant stated that she discussed the debt Plaintiff allegedly owed with Plaintiff's ex-husband.

21. Plaintiff's ex-husband is a co-signer on the loan Plaintiff allegedly obtained from Sallie Mae on which Defendant was attempting to collect.

22. At the time Defendant's duly authorized representative stated that she discussed the debt Plaintiff allegedly owed with Plaintiff's ex-husband, Plaintiff's ex-husband was actively employed by the United States Military and was stationed in Afghanistan.

23.     During the course of the aforesaid telephone call between Plaintiff and Defendant, Defendant further stated that it Plaintiff did not pay the debt on which it was attempting to collect then Plaintiff's ex-husband would not be able to return to the United States after Plaintiff's ex-husband had completed his deployment in Afghanistan on behalf of the United States Military.

24.     Upon information and belief, Defendant's duly authorized representative had not discussed the debt on which it was attempting to collect with Plaintiff's ex-husband.

25.     Defendant's representation to Plaintiff that it had discussed the debt Plaintiff allegedly owed with Plaintiff's ex-husband was false, deceptive and/or misleading given at the time Defendant made the aforesaid representation it had not discussed the debt on which it was attempting to collect with Plaintiff's ex-husband.

26.     Defendant's representation, as delineated above, that her ex-husband would not be able to return to the United States after his deployment if Plaintiff did not pay the debt she allegedly owed was false, deceptive and/or misleading given that Plaintiff's payment of the debt she allegedly owed had no impact on whether her ex-husband would be permitted to the United States after his deployment with the United States Military.

27.     Defendant's representation, as delineated above, that her ex-husband would not be permitted to return to the United States after his deployment if Plaintiff did not pay the debt she allegedly owed was made by Defendant to Plaintiff in an attempt to coerce Plaintiff into making a payment to Defendant relative to the debt on which it was attempting to collect.

28.     Defendant's statements as delineated above are neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

29. The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed Sallie Mae.

30. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

31. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

32. In or around July 2011, during another telephone conversation between Plaintiff and Defendant, the parties discussed entering into a payment plan relative to the debt Plaintiff allegedly owed.

33. During the course of the aforesaid telephone conversation, Plaintiff advised Defendant that she was unable to afford the payment plan suggested by Defendant.

34. In response, Defendant informed Plaintiff that if she did not pay the debt she allegedly owed then Defendant would file a lawsuit against her with respect to the debt on which Defendant was attempting to collect.

35. Defendant further informed Plaintiff that it would file a lawsuit against her ex-husband if she failed to pay the debt on which Defendant was attempting to collect.

36. During the course of the aforesaid telephone call, Defendant further informed Plaintiff that it would garnish Plaintiff and Plaintiff's ex-husband's wages if she did not pay the debt on which it was attempting to collect.

37. During the aforesaid telephone call, Defendant also informed Plaintiff that it would place a lien on Plaintiff's property if she failed to pay the debt on which it was attempting to collect.

38. Upon information and belief, Defendant was attempting to collect on debt allegedly owed by Plaintiff for a federal student loan.

39. Defendant threatened to garnish Plaintiff's wages and Plaintiff's ex-husband's wages.

40. Defendant has no standing to commence garnishment proceedings on behalf of Sallie Mae.

41. Defendant is a debt collection company and as a debt collection company attempting to collect on a federal loan, Defendant can only refer the matter back to Sallie Mae with a recommendation that they send notice of garnishment.

42. The representations made to Plaintiff by Defendant, as delineated above, regarding garnishment were false.

43. Defendant has not filed a lawsuit against Plaintiff or Plaintiff's ex-husband for the debt Plaintiff allegedly owes.

44. Upon information and belief, at the time of making the aforementioned threats, Defendant had no intention of filing a lawsuit against Plaintiff or Plaintiff's ex-husband for the debt Plaintiff allegedly owes.

45. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff or Plaintiff's ex-husband for the debt Plaintiff allegedly owes.

46. Upon information and belief, at the time of making the aforementioned threats, Defendant had no authority to file a lawsuit against Plaintiff or Plaintiff's ex-husband for the debt she allegedly owes.

47. Defendant has not placed any liens on property owed by Plaintiff.

48. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of placing a lien on any property owed by Plaintiff.

49. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to place a lien on any property owed by Plaintiff.

50. In its attempts to collect the debt allegedly owed by Plaintiff to Sallie Mae, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   c. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

   d. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   f. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

   g. Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is there is no present right to possession of the property claimed as collateral through an enforceable security interest, if there is no present intention to take possession of the property or if the property is exempt by law from such dispossession or disablement in violation of 15 U.S.C. §1692f(6); and,

   h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

51. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.  JURY DEMAND

52. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TIFFANY NORRIS, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**TIFFANY NORRIS**

By:  s/ David M. Marco
      Attorney for Plaintiff

Dated: February 28, 2012

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:     dmarco@smithlaw.us